# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINA MARIE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-406 CAS |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kristina Marie Mitchell for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will direct the Clerk of Court to issue process upon the complaint as to defendant Derek Machens in his individual capacity, and will dismiss all other defendants from this action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. Id. at 679.

*Pro se* complaints are to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

## The Complaint[1]

According to the complaint, on January 13, 2014, St. Louis County officials seized twenty-two cats from plaintiff's motel room. The cats were taken to the St. Louis County Animal Care and Control Shelter ("Shelter").

Plaintiff alleges that defendant Machens, a police officer, came to her motel room door and, when she opened it, forcefully pulled her out, sending her and her shoes flying. He then "bashed [plaintiff's] head into a concrete brick wall twice." (Doc. 1 at 10). Plaintiff suffered permanent eye damage. Machens then threw plaintiff to the ground, stood on top of her, pinned

---

[1] The complaint is nearly identical to one plaintiff filed in this Court in 2016. See Mitchell v. St. Louis County Police Department, Case No. 4:16-CV-38 CAS (E.D. Mo. Dec. 18, 2017). On December 18, 2017, that case was dismissed, without prejudice, after plaintiff ignored a Court order and failed to prosecute her case.

2

her arms, handcuffed her, and forced her to walk shoeless on broken concrete to defendant Justin Jones's police cruiser. Machens also forced plaintiff to stand outside, without shoes or a jacket, for more than fifteen minutes in the cold winter air.

Plaintiff states "[a] female police officer named Samantha Crespo also participated in this deplorable behavior" and "also was an investigator on this." Id. at 11.

On January 28, 2014, Machens applied for a search warrant that listed the room number of the motel where plaintiff and her mother had kept the cats, and sought a warrant impounding the cats because they were neglected and abused. In re Mitchell, Case No. 14SL-MC01127 (21st Jud. Cir. Jan. 28, 2014).[2] On February 27, 2014, the Court ruled that the cats were lawfully impounded and entered judgment against plaintiff, and specifically:

> After considering the evidence and the argument, the Court finds that the animals described in attached Exhibit 1 were lawfully impounded on January 28, 2014 [sic] under a valid warrant and under the authority of RSMo. 578.018.1. The Court further finds that all the requirements of RSMo. 578.018 have been satisfied, and that said impounded animals were abused and neglected as defined by Missouri statutes RSMo. 578.012 and 578.009.

Id.

The "Exhibit 1" referenced in the Court's Judgment and Order is a letter from defendant Dr. Stephanie Nelson, a veterinarian with St. Louis County Animal Care and Control, describing each of the cats' sicknesses. Dr. Nelson wrote: "If the cats had been taken to a veterinarian, they could have been easily diagnosed and treated. The illnesses that these cats have were exacerbated by the living conditions and amount of cats. Based on the exam and my professional opinion the cats have been abused and neglected." Id.

---

[2] The Court takes judicial notice of the state court file. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

Plaintiff alleges that Machens "committed perjury at least 4-5 times" when deposed about the circumstances involving the seizure of the cats. (Doc. 1 at 11). She also alleges that defendant Dr. Nelson committed perjury by stating that the cats had herpes in an attempt to have them euthanized. She also alleges that defendant Marlo Lamb, a prosecutor, maliciously prosecuted her for animal abuse.

Plaintiff alleges that Smaill, Lily, Hanes, Jackson, and the Doe defendants failed to give plaintiff information about the cats, called 911 on her, threatened her with legal action, harassed her, and/or were involved in the seizure of the cats. Plaintiff alleges that Pijut, Zambruski, and Pantano "did the same harassment towards [her] at the scene with denying her a coat, shoes and the status of her animals, as well as calling 911 on her almost every time she went up to animal control headquarters on Baur Blvd." Id. Finally, plaintiff lists the names of defendants Smaill, Hanes, the Doe defendants, Lilly, Jackson, Nelson, Pijut, Zambruski, Pantano, Machens, Jones, Crespo, Lamb, and the St. Louis County Police Department, and states they were all involved in the search and seizure of the cats, harassment of plaintiff, and abuse of process.

For relief, plaintiff asks that the defendants be prohibited from working in their jobs. She also seeks monetary damges.

**Discussion**

Defendant St. Louis County, and the official capacity claims against the individual defendants, will be dismissed. To state a claim against a municipality or against a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978), Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The instant complaint contains no allegations that a policy or custom of a

4

government entity was responsible for the alleged violations of plaintiff's constitutional rights. It therefore fails to state a claim against St. Louis County or the defendants in their official capacities.

Defendant St. Louis County Police Department will also be dismissed from this action, because it is not an entity subject to suit. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such").

Defendant Marlo Lamb will also be dismissed from this action. When a "prosecutor is acting as advocate for the state in a criminal prosecution," he or she "is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The Court now turns to the individual capacity claims against the individual defendants. Plaintiff's allegations that Machens used excessive force state a plausible claim under § 1983. Therefore, the Court will direct the Clerk to serve process on Machens in his individual capacity.

Plaintiff's claim against Machens for filing the January 28, 2014, search warrant request is frivolous, and fails to state a claim upon which relief may be granted. Plaintiff alleges that Machens "filing a search warrant 11 days after the initial arrest on January 13, 2014, was in a conspiracy to commit a cover up over the arrest and violated [her] right to illegal search and seizure." (Doc. 1 at 12). The January 28 request sought to impound the cats for neglect and abuse, not to seize them from plaintiff's motel room, or to arrest plaintiff or search her motel room. Therefore, plaintiff's allegations are factually frivolous. In addition, plaintiff's allegations do not state a claim for conspiracy under § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act

5

> in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

Burton v. St. Louis Bd. of Police Com'rs., 731 F.3d 784, 798 (8th Cir. 2013) (citing White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." Id. Here, the complaint is devoid of factual allegations that Machens conspired with others to deprive plaintiff of constitutional rights, or that there was a meeting of the minds between Machens and anyone else. The Court therefore concludes that plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1983.

Plaintiff's allegation that Machens "committed perjury at least 4-5 times" is a legal conclusion that is not entitled to the presumption of truth. Plaintiff fails to allege even the most basic of facts, such as what testimony Machens gave that allegedly amounted to perjury. Plaintiff's claim that Machens perjured himself will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Stone, 364 F.3d at 914 (while *pro se* complaints must be construed liberally and additional details may be exposed later after discovery, the complaint must still allege sufficient facts to support the claims advanced).

Defendant Crespo will be dismissed from this case. For her claim against Crespo, plaintiff states only that she "also participated in this deplorable behavior" and "also was an investigator on this." (Doc. 1 at 11). Plaintiff fails to allege facts from which it could reasonably be inferred that Crespo was directly involved in or personally responsible for the alleged violations of her constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203,

1208 (8th Cir. 1990). In addition, even *pro se* plaintiffs are required to allege sufficient facts to support the claims advanced. Iqbal, 556 U.S. at 678; see also Stone, 364 F.3d at 914 (while *pro se* complaints must be construed liberally and additional details may be exposed later after discovery, the complaint must still allege sufficient facts to support the claims advanced).

Regarding Jones, plaintiff alleges only that he occupied a police cruiser that was present at the motel on the day the cats were seized. These allegations do not state a constitutionally-significant claim and he will be dismissed.

Defendant's claim against Dr. Nelson is factually frivolous. Plaintiff claims that Dr. Nelson committed perjury by stating that the cats had herpes in an attempt to have them euthanized. However, in Exhibit 1, Dr. Nelson stated that the cats were being treated for their illnesses, and she did not mention herpes. Dr. Nelson will be dismissed from this action.

To the extent that plaintiff is alleging that the January 13, 2014, seizure of her cats violated the Fourth Amendment, her claim fails because it is wholly conclusory and does not state any facts, which if proved, would give rise to relief.

Plaintiff alleges that Smaill, Lily, Hanes, Jackson, and the Doe defendants did not give her information about the cats, called 911, and threatened legal action. None of the alleged conduct by these defendants invades a federally-protected right. In addition, plaintiff sets forth her claims in conclusory fashion instead of alleging facts to support them. Similarly, plaintiff's allegations that Pijut, Zambruski, and Pantano "did the same harassment towards [her]" and called 911 are merely conclusory and fail to state a claim upon which relief may be granted. Finally, plaintiff does not state a claim against Smaill, Hanes, the Doe defendants, Lilly, Jackson, Nelson, Pijut, Zambruski, Pantano, Jones, Crespo, Lamb, and the St. Louis County Police Department by listing their names and stating, in conclusory fashion, that they were all involved

7

in the search and seizure of the cats, harassment of plaintiff, and abuse of process. See Iqbal, 556 U.S. at 678; see also Stone, 364 F.3d at 914 (while *pro se* complaints must be construed liberally and additional details may be exposed later after discovery, the complaint must still allege sufficient facts to support the claims advanced).

Plaintiff also fails to plead sufficient facts to allow identification of the fictitious parties following reasonable discovery. The Doe defendants are subject to dismissal on this basis, as well. See Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994) (generally, fictitious parties may not be named as defendants in a civil action); see also Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (an action may proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery).

Finally, to the extent plaintiff can be understood to challenge the state court's judgment impounding the cats, the Court must abstain under the Rooker-Feldman doctrine. "The Rooker–Feldman doctrine . . . [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Additionally, this Court does not have appellate jurisdiction over the state courts. See Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kristina Marie Mitchell's motion to proceed *in forma pauperis* is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon defendant Derek Machens in his individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Office at the St. Louis County Police Department, 7900 Forsyth Blvd., Clayton, Missouri 63105.

**IT IS FURTHER ORDERED** that defendants St. Louis County Police Department, St. Louis County, Justin Jones, Samantha Crespo, Marlo Lamb, Rebecca Smaill, Drew Hanes, Jane Doe 2, Charlitta Lilly, Jane Melanie Doe 3, John Doe 1, Mr. Unknown Jackson, Stephanie Nelson, S. Pijut, E. Zambruski, and M. Patano are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2018.